**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRADLEY HOFVANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-cv-02798 |
| | ) | |
| SUNRUN INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.      Plaintiff Bradley Hofvander brings this action to recover damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2.      Plaintiff complains that Defendant Sunrun Inc. ("Sunrun") placed numerous unwanted calls to Plaintiff's cell phone, some or all of which deployed a prerecorded or computer-generated voice, invading his privacy and causing the loss of time and effort.

3.      In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4.      The TCPA affords special protections against harassing people with prerecorded or computer-generated voice messages on their cell phones.   Persons who receive such calls are entitled to recover damages of at least $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

5.      From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index,

https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

7. Personal jurisdiction exists because Defendant does business in Illinois and has committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

8. Venue in this District is proper for the same reason.

9. The receipt of numerous unwanted calls satisfies Article III. *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020)

## PARTIES

10. Plaintiff Bradley Hofvander is a resident of Des Plaines, Illinois.

11. Plaintiff has a cell phone ending in 5042. Bradley Hofvander pays for the phone and the bill is in his name. The phone is used primarily for personal, family or household purposes and not for business purposes.

12. The phone is Plaintiff's principal personal phone, on which he receives calls at his home. He has registered it on the National Do Not Call list for more than 20 years.

13. Defendant Sunrun Inc. ("Sunrun") is a Delaware corporation with its principal offices at 225 Bush St., Suite 1400, San Francisco, CA 94104. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

14. Sunrun is engaged in the business of promoting and selling solar energy systems.

## FACTS

15.     On September 8, 2023,  Plaintiff viewed a solar energy presentation provided by Sunrun solar energy consultant Cameron Call via Internet.

16.     On September 9, 2023, Plaintiff sent an email to Cameron Call stating that "we are going to wait to decide on solar panels until next summer when we have a better idea of what our energy use is after replacing 70 year old insulation. Thanks again and I'll reach out next summer." (Exhibit A)

17.     Notwithstanding this message, Sunrun has bombarded Plaintiff with telephone calls to his cell phone seeking to sell its products, using in some or all cases a prerecorded or computer-generated voice.

18.     Plaintiff has received over 100 such calls.

19.     Since January 16, 2024 Plaintiff has received over 40 such calls despite attempts to block them.

20.     In many cases the caller left a voicemail message. Transcriptions of the voicemail messages are attached as Exhibit B.

21.     The content of the calls and the voice used is identical, inconsistent with a human caller and consistent with a pre-recorded or computer-generated voice.

22.     The callback number, 844-816-5068, is answered by Sunrun.

23.     On Monday, February 19, 2024, without prior warning, a Sunrun representative visited Plaintiff's home and stated that he could offer a better deal than the people calling Plaintiff. Plaintiff told the person that Plaintiff had received over 100 calls and that he was considering legal action if they did not stop.

24.     The visitor left a card (Exhibit C).

25.     The calls have continued.

26.     Unless enjoined, Defendant will continue to place such calls.

27.     The unwanted calls:

    a.        Fill up Plaintiff's voicemail box;

    b.        Consume time and energy;

    c.        Cost money to receive,

    d.        Caused reduction and loss of battery life,

    e.        Cost electricity required to recharge the cell phone, and

    f.        Are aggravating and annoying.

28.     The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

29.     Plaintiff did not consent to such calls and/or revoked consent by stating that if Plaintiff wanted to do business with Sunrun, Plaintiff would contact it, no earlier than summer 2024.

30.     Defendant's conduct violated the privacy rights of Plaintiff, in that he was subjected to annoying and harassing calls. Defendant's calls intruded upon the right of Plaintiff to be free from invasion of his interest in seclusion.

31.     Defendant's conduct harassed Plaintiff and wasted his time, in that he had to devote energy to answering, addressing and/or otherwise responding to numerous unwanted calls.

## COUNT I – TCPA – PRERECORDED MESSAGES TO CELL PHONE

32.     Plaintiff incorporates paragraphs 1-31.

33.     The TCPA, at 47 U.S.C. §227(b)(1) provides that "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . ."

34.     Statutory damages for each call placed in violation of the TCPA's restriction are $500 per call and up to $1,500 per call if the violation is determined to be willful. 47 U.S.C. §227(b)(3)

-4-

provides:

    (3)     Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

    (A)    an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B)    an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C)    both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

    i.     Statutory damages;

    ii.    An injunction against further unwanted calls to Plaintiff's cell phone number;

    iii.   Costs of suit;

    iv.   Such other and further relief as the Court deems proper.

## COUNT II – TCPA – DO NOT CALL REQUIREMENTS

35.    Plaintiff incorporates paragraphs 1-31.

36.    The FCC regulations implementing the TCPA require companies such as Sunrun engaging in telemarketing to:

    a.    Honor the National Do Not Call List;

    b.    Maintain internal "do not call" lists and honor requests of individuals such as Plaintiff to stop telemarketing calls.

37.    47 C.F.R. §64.1200(c) provides:

(c) No person or entity shall initiate any telephone solicitation to: . . .

(2)    A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if:

(i)    It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the following standards:

(A)    Written procedures. It has established and implemented written procedures to comply with the national do-not-call rules;

(B)    Training of personnel. It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;

(C)    Recording. It has maintained and recorded a list of telephone numbers that the seller may not contact;

(D)    Accessing the national do-not-call database. It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.

Note to paragraph (C)(2)(I)(D): The requirement in paragraph 64.1200(c)(2)(i)(D) for persons or entities to employ a version of the national do-not-call registry obtained from the administrator no more than 31 days prior to the date any call is made is effective January 1, 2005. Until January 1, 2005, persons or entities must continue to employ a version of the registry obtained from the administrator of the registry no more than three months prior to the date any call is made.

(E)    Purchasing the national do-not-call database. It uses a process to ensure that it does not sell, rent, lease, purchase or use the national do-not-call database, or any part thereof, for any purpose except compliance with this section and any such state or federal law to prevent telephone solicitations to telephone numbers registered on the national database. It purchases access to the relevant do-not-call data from the administrator of the national database and does not participate in any arrangement to share the cost of accessing the national database, including any arrangement with telemarketers who may not divide the costs to access the

national database among various client sellers; or

    (ii)    It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed; or

    (iii)    The telemarketer making the call has a personal relationship with the recipient of the call.

38.    47 C.F.R. §64.1200(d) provides:

No person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1)    Written policy.  Persons or entities making artificial or prerecorded-voice telephone calls pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2)    Training of personnel.  Personnel engaged in making artificial or prerecorded-voice telephone calls pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3)    Recording, disclosure of do-not-call requests.  If a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed 30 days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity.

(4)    Identification of callers and telemarketers.  A person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or

address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5)     Affiliated persons or entities.  In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and (for telemarketing calls) the product being advertised.

(6)     Maintenance of do-not-call lists.  A person or entity making . . .  any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made.

39.     Defendant violated these requirements by placing telephone calls to Plaintiff after:

a.      Plaintiff stated that if he had any interest in Defendant's product he would

        contact Defendant in the summer of 2024;

b.      Plaintiff told the representative who visited him that he was receiving

        unwanted calls from Defendant.

40.     47 U.S.C. §227(c)(5) provides:

(5)     Private right of action

A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

(A)     an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B)     an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C)     both such actions.

It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

    i.      Statutory damages;

    ii.     An injunction against further calls to Plaintiff's cell phone number on the National Do Not Call Registry;

    iii.    Costs of suit;

    iv.    Such other and further relief as the Court deems proper.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

41.    Plaintiff incorporates paragraphs 1-31.

42.    Defendant engaged in unfair practices, in violation of 815 ILCS 505/2, by bombarding Plaintiff with telephone solicitations after:

    a.    Plaintiff stated that if he had any interest in Defendant's product he would contact Defendant in the summer of 2024;

    b.    Plaintiff told the representative who visited him that he was receiving unwanted calls from Defendant;

    c.    Placing calls to Plaintiff's cell phone number that is registered on the National Do Not Call Registry.

43.    Defendant's conduct is contrary to public policy as expressed in the TCPA and regulations.

44.    Defendant's conduct occurred in the course of trade and commerce.

45.    Defendant's conduct caused monetary and other loss to Plaintiff. Plaintiff's cell phone was unusable for the duration of the calls. Plaintiff's statutory right of privacy was invaded.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

    i.      Actual damages;

    ii.     An injunction against further unwanted calls to Plaintiff's cell phone;

iii.   Attorney's fees and costs of suit;

iv.   Such other and further relief as the Court deems proper.


/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman (IL ARDC 0712094)
Heather A. Kolbus (IL ARDC 6278239 )
Stephen J. Pigozzi (IL ARDC 6331482)
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com


## JURY DEMAND

Plaintiff demands trial by jury.


/s/ Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (IL ARDC 0712094)
Heather A. Kolbus (IL ARDC 6278239 )
Stephen J. Pigozzi (IL ARDC 6331482)
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (IL ARDC 0712094)
Heather A. Kolbus (IL ARDC 6278239 )
Stephen J. Pigozzi (IL ARDC 6331482)
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

-12-